UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

| | | |
|---|---|---|
| JOHN C. KURZAWA, JR. | ) | |
| | ) | |
| Plaintiff, | ) | ECase No. 4:03-cv-17 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| BENZIE COUNTY CIRCUIT COURT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

**Discussion**

I.   Factual Allegations

Plaintiff John C. Kurzawa presently is incarcerated with the Michigan Department of Corrections and housed at the Southern Michigan Correctional Facility in Jackson, Michigan. In his complaint, Petitioner sues the Family Division of the Benzie County Circuit Court.

Plaintiff's complaint actually is styled as a "Complaint for Appeal to the United States District Court (W.D.O.M.) from the Michigan Supreme Court." In his complaint, Plaintiff raises seven alleged errors in the decision of the Family Division of the Benzie County Circuit Court to terminate his parental rights with respect to his minor son Austin. Among those errors, he asserts that there was no standing to bring a petition against him and that there was no evidence to support a finding that the mother had neglected the son. He also claims that the trial court erred in accepting the mother's plea due to the lack of evidentiary support for a neglect finding and by the court's failure to advise her of her constitutional rights before accepting the plea. Plaintiff contends that the trial court failed to establish that Plaintiff could not care for his son through the boy's natural grandmother. He also asserts that he was denied effective assistance of counsel during the trial and appeal. Plaintiff appealed the circuit court decision to the Michigan Court of Appeals, which affirmed the family court decision on June 12, 2001. The Michigan Supreme Court denied leave to appeal on September 18, 2001.

II.   Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. <u>United States v. Horizon Healthcare</u>, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider

the issue <u>sua sponte</u>.  <u>See</u> <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511, 93 S. Ct. 2222, 2225 (1973); <u>Norris v. Schotten</u>, 146 F.3d 314, 324 (6th Cir. 1998); <u>Mickler v. Nimishillen & Tuscarawas Ry. Co.</u>, 13 F.3d 184, 189 (6th Cir. 1993).

       This Court lacks subject matter jurisdiction over Plaintiff's claims.  A federal district court has no authority to review final judgments of state court judicial proceedings.  <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482, 103 S. Ct. 1303, 1314 (1983); <u>Gottfried v. Med. Planning Servs., Inc.</u>, 142 F.3d 326, 330 (6th Cir.1998).  Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable.  <u>Feldman</u>, 460 U.S. at 483 n.16; <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923); <u>Patmon v. Michigan Supreme Court</u>, 224 F.3d 504, 509-10 (6th Cir. 2000); <u>United States v. Owens</u>, 54 F.3d 271, 274 (6th Cir. 1995.  A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'"  <u>Peterson Novelties, Inc. v. City of Berkley</u>, 305 F.3d 386, 391 (6th Cir. 2002) (quoting <u>Catz v. Chalker</u>, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); <u>see also</u> <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994) (under the <u>Rooker-Feldman</u> doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); <u>Tropf v. Fid. Nat'l Title Ins. Co.</u>, 289 F.3d 929, 937 (6th Cir. 2002); <u>Anderson v. Charter Township of Ypsilanti</u>, 266 F.3d 487, 492-93 (6th Cir. 2001); <u>Patmon</u>, 224 F.3d at 506-07. A defendant who loses in state court and then

sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. Garry v. Gels, 82 F.3d 1362, 1367-68 (7th Cir.1996); Stewart v. Fleet Financial Group, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997.

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts. Peterson Novelties, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the Rooker-Feldman doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. See Bodell v. McDonald, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), cert. denied, 121 S. Ct. 2595 (2001); accord Evans v. Yarbrough. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying Rooker-Feldman to bar review of a decision by the state courts regarding parental visitation), cert. denied, 121 S. Ct. 1960 (2001). The recourse available to Plaintiff in response to adverse state-court decisions was to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary apply for a writ of certiorari to the United States Supreme Court. Gottfried, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the Rooker - Feldman doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[1] A claim dismissed the basis of the Rooker-Feldman doctrine

---

[1] The Court also notes that Plaintiff previously has filed a version of this same lawsuit, which was dismissed by the Court on identical grounds. See Kurzawa v. Benzie County Circuit Court, et al., Case No. 1:01-cv-681, dkt ## 11, 12 (Dec. 10, 2001). The instant action, therefore, also is barred by the doctrine of res judicata.

is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). See Alpern v. Lieb, 38 F.3d 933, 934 (7th Cir. 1994); Parker v. Phillips, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001 (frivolous under § 1915(g) where one ground for dismissal is Rooker-Feldman); Carlock v. Williams, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $105 appellate filing fee pursuant to § 1915(b)(1), see McGore, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $105 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 3, 2003                                /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE